**AMERICAN CASUALTY CO v TIBERIO**

Ohio Appeals, 7th Dist, Mahoning Co

Decided June 7, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

John Ruffalo, Youngstown, and Forrest Cavalier, Youngstown, for defendant in error.

of which the plaintiff is required to plead in an action on such policy, include only those affirmative acts which are necessary in order to perfect his right of action on the policy."

In the opinion it is said, on page 19:

"Any other rule would be highly inconvenient if not impracticable. The clause of the policy under which the defendant sought to be relieved from liability is but one of a great number of conditions, for the violation of any of which the insurer might also claim to be relieved; and if the issue raised by the denial that the plaintiff performed all the conditions precedent on his part, imposed upon him the burden of proving there had been no violation of that particular clause, it also imposed upon him the burden of proving there was no breach of either of the other conditions, and for want of such proof as to either, he must fail, although in fact neither was the subject of any real controversy. This would be an unreasonable requirement, not only operating as a hardship on the plaintiff, but in most cases unnecessarily prolonging the trial. Especially should the rule be as we have stated it, under our code system of pleading, a prominent object of which was to so simplify the issues, that the evidence might be confined to the real matter of dispute, thus expediting the trial of causes and facilitating the business of the courts."

For a similar decision see **Mumaw v Insurance Co., 97 Oh St, 1.**

It is said in 22 **Ohio Jurisprudence at page 578:**

"Conditions precedent are those which relate to the attachment of the risk, whereas conditions subsequent are those which pertain to the contract of insurance after the risk has attached and during the existence thereof; that is, those conditions which must be maintained or met after the risk has commenced in order that the contract may remain in full force and effect."

Citing now 33 C. J., 108:

"The burden is upon plaintiff to prove performance of all conditions precedent to his rights of recovery, or a legal excuse for their non-performance, or a waiver thereof by the company. However, under the rule generally recognized that defendant in order to raise an issue on an allegation of performance must particularly allege the breach relied on to defeat a recovery, defendant has the burden of proving the facts alleged by it as constituting such

## OPINION

By ROBERTS, J.

The proposition now for consideration is as to whether or not this endorsement that the car is principally used and maintained in North Lima is a condition precedent.

It will be observed that this statement is in the present tense, indicating its use at the time of the issuance of the policy. Presumably, however, the real intention of the company was to provide for the use of a car during the time the policy was in force principally outside of Youngstown and in the vicinity of North Lima. It would be wholly unimportant where the car had been previously principally used, or was being used at the time of the issuance of the policy. The company could only be interested in where and how the car was used after the policy was in force.

In the case of **Moody v Insurance Company, 52 Oh St, 12,** it is said in the syllabi:

"1. A policy of fire insurance which has been regularly issued, and has not expired or been cancelled, must, in the absence of a showing to the contrary, be treated as a valid and effective policy ,upon which the assured is prima facie entitled to recover, when the loss occurs and the requisite steps to establish it have been taken.

2. The condition precedent, performance

breach, as a ground for avoiding the policy or liability thereon, whether such breach is of an affirmative or promissory warranty, or of a condition precedent or subsequent."

No allegation was contained in the pleadings with regard to this proposition.

What constitutes a condition precedent may be illustrated as follows: A person takes out a life insurance policy in which there is a condition to the effect that the policy shall not take effect unless at the time of its delivery the insured is in good health. This would constitute a condition precedent, and the duty would be upon the insured to establish by sufficient evidence his good health at the time of the delivery of the policy in order that he may establish a cause of action.

However, the conditions involved in the instant case would be similar to an attempt to provide an insurance company that the policy should not be effective if during the existence of the policy the insured should become or remain in poor health. Conditions precedent may also exist essential to be established before the right to maintain an action comes into existence. For instance, proof that the required notice or proof of loss has been made in conformity with the terms of the policy before the commencement of the action.

As has been before suggested, there is no evidence or claim in this case that this automobile was used principally in Youngstown, or was not used principally in North Lima, or that the condition of the policy was in any wise violated by the terms of this attached condition. The conclusion is reached that this matter did not constitute a condition precedent, and the duty did not primarily devolve upon the insured to allege or prove that the car had been principally used in North Lima.

Paragraph 12 in the policy of insurance reads as follows:

"Under the direction of the company the assured shall at all times render such reasonable and necessary co-operation and assistance as will enable the company to affect settlements or properly to defend suits or to prosecute appeals."

It is contended on the part of the Insurance Company that the insured did not observe the provisions of this paragraph, and such being the fact, the case was not sustained by the requisite degree of proof essential to entitle a recovery under the policy. It is not contended that the in-

sured did not up to and shortly before the cause came on for trial in the Court of Common Pleas fully co-operate with the insurance company as requested or required by the company; he made a statement concerning the accident and verified the policy for the company, it having undertaken the defense of that action. Subsequently he removed from Youngstown to Tulsa, Oklahoma, not leaving his address with the attorneys for the insurance company. His residence, however, was located, several letters were written to him, which were registered, and the receipt from the Post Office indicates that they were delivered. He was advised that he should return, that the case would be on for trial in about a month. He failed to make any response until later, when on April 4th, 1933, the following telegram was sent:

"Mr. Wm. Lloyd, 918 8th St., Tulsa, Oklahoma. Case of Carmena Tiberio up for trial STOP Make arrangements to be here at once.
Barnum, Hammond, Stephens & Hoyt."

Under the same date Lloyd sent a telegram to the attorneys as follows:
"Impossible to make Youngstown unless you care to advance expenses. W. Lloyd."

The attorneys had previously notified Mr. Lloyd if he did not attend that they would proceed with the trial and hold him responsible, whatever that may have meant. Lloyd did not appear. No funds were remitted to him for his expenses. The company went to trial without effort to procure any delay and secure an opportunity to take Mr. Lloyd's deposition, if desired to be taken, or make other efforts to secure his attendance. It is agreed that Mr. Lloyd was not in the car at the time of the accident, was not present, presumably could not have given testimony upon the nature of the accident. The question of agency might have been involved, which is suggested by counsel for the insurance company, but it does not seem to have been contended that the automobile was not driven by the authorized agent of Mr. Lloyd. Under these circumstances the question is now pertinent as to whether the insured failed to cooperate to such an extent as to relieve the insurance company from liability on this policy.

Counsel for the insurance company urge the case of **Rohlf v The Great American Mutual Indemnity Co. et, 27 Oh Ap, 208 (6 Abs 404)**, as being an authority upon this issue. The first paragraph of the syllabus reads:

"Evidence held conclusively to establish deliberate and premeditated evasion on part of insured of duty owing insurer to cooperate in defense of action against insured, as required by provisions of policy,. thus relieving insurer from liability to injured person bringing suit against insurer after obtaining unsatisfied judgment against insured."

Second paragraph of syllabus:

"That insurer proceeded with defense of action by injured person against insured, after deliberate failure by insured to cooperate in such defense, held not a waiver or estoppel to assert such failure of cooperation as defense in action by injured person against insurer."

The opinion in this case was written by Judge Richards. There was a dissenting opinion by one of his associates, Judge Williams. It is not necessary to go into the facts shown by the evidence in that case, the court holding that the evidence in that case conclusively established the deliberate and premeditated evasion on the part of the insured of his duty. We do not find such to have been the fact as to the insured Lloyd. As before stated, he freely cooperated but had gone to Oklahoma some time during the year and a half which elapsed between the accident and the trial of the cause; he had presumably told the company all that he knew that was pertinent in the case, answered all inquiries made of him, and it is possible that the company did not care very much for his presence, in view of the fact that it was unwilling to advance the expense of Lloyd going to Youngstown to testify. The telegram of Lloyd says: "Impossible to make Youngstown unless you care to advance expenses."

The only conclusion that can be drawn from this telegram, considering his previous conduct in this matter, is that Lloyd was not financially able to go, and that his absence was not wilful or unreasonable under the circumstances.

There is no. contention but that presumably a postponement of the trial might have been obtained, and his deposition taken, if such were desired. In this connection, without devoting space to quoting, 72 A.L.R., 1470, is cited, where an action very similar or substantially like the instant case was involved. Failure to attend was caused by failure to furnish funds for the trip. The conclusion in this case was that "We hold that the facts do not show breach of such clause."

The conclusion is reached that the evidence of clause 12 in the policy, or that the evidence was insufficient by reason of the conduct of Lloyd, as' indicated in the testimony.

Furthermore, there is evidence in the case tending to prove or raise a reasonable inference that Lloyd was not at fault in his absence. This court is not able to say that the judgment of the trial court in this respect was against the manifest weight of the evidence.

Judgment affirmed.

FARR and LYNCH, JJ, concur in the judgment.